# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Egan Payne, Sr.,                                  :
                              Petitioner          :
                                                  :
                    v.                            :    No. 419 C.D. 2024
                                                  :    SUBMITTED:  March 4, 2025
Unemployment Compensation                         :
Board of Review,                                  :
                              Respondent          :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE STACY WALLACE, Judge (P.)
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                          **FILED:  April 3, 2025**

      Claimant, Egan Payne, Sr., petitions *pro se* for review of an order of the Unemployment Compensation Board of Review that affirmed the referee's decision determining that he has (1) a non-fault overpayment of Pandemic Unemployment Assistance (PUA) benefits under Section 2102(h) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. § 9021(h), in the amount of $9,360; and (2) a non-fault overpayment of Federal Pandemic Unemployment Compensation (FPUC) benefits under Section 2104(f) of the CARES Act, 15 U.S.C. § 9024(f), in the amount of $10,800.  We affirm.[1]

---

[1] Both the Board and the referee suggested that Claimant contact the UC Service Center to request a waiver of the overpayments.  Claimant apparently made a request on or about March 15, 2024, and the Board indicated that the request remained pending.  Aug. 14, 2024 Board Br. at 11 n.6.  The waiver request was not before the Board and, therefore, not before us on appeal.

In pertinent part, the background of this matter is as follows.[2]  In November 2018, Claimant injured his back at work.  Jan. 20, 2023 Referee Decision, Finding of Fact (F.F.) No. 2.  Thereafter, he received short-term and long-term disability benefits.  F.F. Nos. 8, 9.  His long-term disability benefits ended in April 2020 and his two-year physical therapy treatment ended in December 2021.  F.F. Nos. 10-12. He had a workers' compensation case for his work injury and, allegedly, was able and available for work within his restrictions.  F.F. Nos. 14, 15.

In June 2020, Claimant applied for regular unemployment compensation benefits.  F.F. No. 16.  He reported that he was not able and available for work due to back and hand injuries.  Certified Record (C.R.) at 19, Ex. UC 068 (June 26, 2020 Internet Initial Claims form) and F.F. No. 17.  In October 2020, he applied for PUA benefits and was found eligible for weekly benefits of $195.[3]  C.R. at 10, Ex. UC 070 (Oct. 8, 2020 Claim Appl. Information) and F.F. No. 20. "Claimant filed and self-certified for PUA weekly benefits for the compensable weeks ending October 10, 2020, through September 4, 2021."  F.F. No. 21.

In March 2022, the Department of Labor and Industry issued determinations disqualifying Claimant for PUA benefits effective June 21, 2020, through September 4, 2021, for not being attached to the labor market and for not being totally or partially unemployed as a direct result of the COVID-19 pandemic. F.F. No. 22.  In addition, it established non-fraud PUA and FPUC overpayments for the weeks at issue.  *Id*.  Claimant received $9,360 in PUA benefits for the claim weeks ending October 10, 2020, through September 4, 2021, and $10,800 in

---

[2] The Board adopted and incorporated the referee's findings and conclusions.

[3] In the application, Claimant asserted that he was unemployed as a direct result of COVID-19.  C.R. at 12, Ex. UC 070 (Oct. 8, 2020 Claim Appl. Information).  All of the unemployment compensation decision-making bodies concluded that he had non-fraud overpayments.

corresponding FPUC benefits for the claim weeks ending January 2, 2021, through September 4, 2021. F.F. Nos. 24, 25. The Department also issued a notice of determination denying Claimant's request to backdate his claim to an effective date of March 15, 2020, and to file for PUA benefits for the compensable weeks ending March 21, 2020, through June 20, 2020. F.F. No. 23. Claimant appealed.

Following a telephone hearing at which Claimant appeared *pro se*, the referee determined that Claimant was ineligible for PUA benefits and corresponding FPUC benefits because he was unemployed due to a 2018 work injury and not a COVID-19-related reason. Stating that she was unable to conclude that Claimant engaged in fraud in order to receive benefits, the referee determined that Claimant was subject to non-fraud overpayments in the aforementioned amounts. In addition, she affirmed as modified the Department's backdating determination, stating: "[C]laimant's request to backdate the application for benefits to an effective date [of] March 15, 2020, and backdating for the compensable week[s] ending March 21, 2020[,] through June 20, 2020, is DENIED . . . ." Jan. 20, 2023 Referee Decision at 7. After considering the entire record, the Board affirmed. Claimant's *pro se* petition for review to this Court followed.

As noted, the Board adopted the referee's conclusion that she was unable to conclude that Claimant engaged in fraud in order to receive benefits. Consequently, Claimant's assertions in his brief that no fraud took place are irrelevant. The overpayments at issue are *non-fraud* in nature.

As for the merits of Claimant's petition for review, we agree with the Board that Claimant was subject to non-fraud overpayments. Section 2102(a)(5) of the CARES Act allows for PUA benefits to be provided to any "covered individual" while such individual is unemployed or unable to work due to COVID-19 during the

3

weeks in which he is not entitled to any other unemployment compensation. 15 U.S.C. § 9021(a)(5). Pursuant to Section 2102(a)(3) of the CARES Act, a claimant must prove that he is unemployed, partially unemployed, or unable or unavailable to work as a result of an enumerated COVID-19-related reason. *See* 15 U.S.C. § 9021(a)(3) (defining "covered individual" under the CARES Act).

As the Board determined in the present case:

> In order to qualify for [PUA] benefits, an individual must have an attachment to the labor market and must have experienced a loss of wages and hours or was unable to start employment following a *bona fide* job offer as a direct result of the COVID-19 Pandemic. . . . [C]laimant testified that he was out of work prior to the pandemic due to a back injury. For these reasons, [he] was not attached to the labor market and is not eligible for PUA benefits under [15 U.S.C. § 9021(a)(3)].

Feb. 14, 2024 Board Decision at 1. Consequently, Claimant was also ineligible for the corresponding FPUC benefits under Section 2104 of the CARES Act, 15 U.S.C. § 9024.[4] In accordance with his ineligibility, Claimant's request that his PUA claim be backdated to the benefit year beginning March 21, 2020, was properly denied.

Accordingly, we affirm.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[4] Under the CARES Act, FPUC benefits were additional benefits available for specified weeks to any individual eligible for other forms of benefits, including normal unemployment compensation benefits, extended benefits, or federal benefits, including PUA benefits. *See* 15 U.S.C. § 9024.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Egan Payne, Sr., : 
               Petitioner : 
                             : 
               v. : No. 419 C.D. 2024
                             : 
Unemployment Compensation : 
Board of Review, : 
               Respondent :

# **O R D E R**

AND NOW, this 3rd day of April, 2025, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita